**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTA DEL CARMEN MERCADO MORAN; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-72369 <br><br> Agency Nos. A202-120-132 <br> A202-120-133 <br> A202-120-134 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023**

Before: SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Marta Del Carmen Mercado Moran and her sons, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

§ 1252.  We review for substantial evidence the agency's factual findings.  *Conde*

*Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We deny the petition for

review.

Substantial evidence supports the agency's determination that petitioners

failed to establish they were or would be persecuted on account of a protected

ground.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must

provide *some* evidence of [motive], direct or circumstantial"); *Zetino v. Holder*,

622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from

harassment by criminals motivated by theft or random violence by gang members

bears no nexus to a protected ground").  In light of this disposition, we need not

reach petitioners' remaining contentions regarding the cognizability of their

proposed particular social groups.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538

(9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary

to the results they reach).  We do not address petitioners' contentions as to whether

the harm they suffered rose to the level of persecution because the BIA did not

deny relief on this ground.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829

(9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the

grounds relied upon by that agency." (citation and internal quotation marks

omitted)).  Thus, petitioners' asylum and withholding of removal claims fail.

20-72369

Substantial evidence also supports the denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**